983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Keith GAVIN, Plaintiff/Appellant,
v.
Michael O'LEARY, et al., Defendants/Appellees.
 No. 91-1212.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 12, 1993.*
Decided Jan. 19, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division; No. 85-C-1956, James B. Moran Chief Judge.
 N.D.Ill.
 AFFIRMED.
 FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In this appeal, Keith Gavin challenges a jury instruction that, he admits, he never objected to at trial. Such challenges violate Rule 51 of the Federal Rules of Civil Procedure, which provides:
 
 
 2
 No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.
 
 
 3
 Fed.R.Civ.P. 51; Coulter v. Vitale, 882 F.2d 1286, 1289 (7th Cir.1989).
 
 
 4
 Although Gavin concedes the requirements of Rule 51, he urges us to waive them here. Gavin maintains that his case involves "exceptional circumstances where justice demands more flexibility." See Walsh v. Mellas, 837 F.2d 789, 800 (7th Cir.), cert. denied, 468 U.S. 106 (1988) (discussing waiver, but not a failure to object under Rule 51). Gavin claims that the challenged jury instruction was misleading and that its impropriety was not apparent until the appellate level.
 
 
 5
 These problems do not make Gavin's case unique; in fact, they are the exact issues raised in all waived jury instruction cases. Objections that are waived at the trial level may often be more apparent afterwards; if such objections were obvious at trial, they would not have been raised for the first time on appeal. Challenges to jury instructions are also, by their nature, based on the instructions' potential for deception. See Bogan v. Stroud, 958 F.2d 180, 183 (7th Cir.1992) (conflicting legal standards in jury instructions could have confused jurors); Coulter, 882 F.2d at 1289 (appellant argues that the court instructed the jury on an improper standard of proof).
 
 
 6
 Even if giving the instruction was plain error, this would not excuse Gavin's failure to comply with Rule 51. The "plain error doctrine is not available to protect parties from erroneous jury instructions to which no objection was made at trial." Deppe v. Tripp, 863 F.2d 1356, 1362 (7th Cir.1988); cf. Fed.R.Crim.P. 52(b).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs